UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES A. KONIKOWSKI )<br>    Plaintiff )<br>)<br>v. )<br>)<br>AUTO WORLD AUTOMOTIVE )<br>SUPERSTORES, INC. d/b/a LIA HYUNDAI )<br>and WELLS FARGO BANK, N.A. d/b/a )<br>WELLS FARGO DEALER SERVICES )<br>    Defendants )<br>_____ ) | CIVIL ACTION<br><br><br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br>JULY 1, 2013 |

## COMPLAINT

1.  This is a suit brought by a consumer regarding the purchase and sale of a motor vehicle ("the Vehicle") pursuant to a retail installment sales contract (the "Contract"). Plaintiff brings this action to recover actual damages, statutory damages, reasonable attorney's fees and costs from defendants Auto World Automotive Superstores, Inc. d/b/a Lia Hyundai ("Lia Hyundai") and Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services ("Wells Fargo"). The Plaintiff claims that Lia Hyundai violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), the Connecticut Retail Installment Sales Finance Act ("RISFA") Conn. Gen. Stat. § 36a-770 *et seq.,* and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"). Plaintiff also asserts claims against defendant Wells Fargo as holder of the Contract.

2.  Plaintiff is a natural person residing in Southington, Connecticut.

3. Defendant Lia Hyundai is a domestic corporation that operates an automobile dealership in Hartford, Connecticut.

4. Defendant Wells Fargo is a national bank that accepts assignment of retail installment sales contracts for motor vehicles from automobile dealerships.

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over Lia Hyundai because it is incorporated in this state and regularly conducts business in this state.

7. This court has jurisdiction over Wells Fargo because it regularly conducts business in this state.

8. Venue in this court is proper, because Plaintiff resides in Connecticut and the claims involve a transaction that occurred in Connecticut.

9. In or around early March 6, 2013, Plaintiff visited Lia Hyundai for purposes of purchasing a motor vehicle.

10. Plaintiff selected and decided to purchase a 2011 Chevrolet Impala (the "Vehicle") for a cash price of $13,300.

11. Plaintiff wished to finance the purchase of the Vehicle, and Lia Hyundai offered to finance it at an annual percentage rate of 5.99%.

12. Lia Hyundai prepared a retail installment sales contract (the "Contract") for the Vehicle.

13. Lia Hyundai added to the purchase price of the Vehicle a $159 charge for VIN etching.

14. Despite having charged Plaintiff for VIN etching, Lia Hyundai had not etched the Vehicle's VIN on the glass of the Vehicle.

15. Additionally, Lia Hyundai added to the purchase price of the Vehicle a charge for $180 for the registration for the Vehicle, which amount included the cost of transferring Plaintiff's license plate.

16. Lia Hyundai later informed Plaintiff that it would not be able to transfer his plate.

17. Consequently, the cost for registration was only $140, and Lia Hyundai has overcharged Plaintiff for the registration.

18. In reviewing the Contract, Plaintiff noticed that Lia Hyundai had included a service contract at a cost of $2,800, a GAP contract at a cost of $795, and "Exterior/Interior Protection" at a cost of $895.

19. Plaintiff requested that the service contract, the GAP, and the "Exterior/Interior Protection be removed from the contract, because he did not desire those products.

20. Lia Hyundai's representative and general manager, Sal Kroemer, informed Plaintiff that he was required to purchase the service contract, the GAP, and the Exterior/Interior Protection for Wells Fargo's protection.  Kroemer stated that, if those products were removed, then the interest rate would have to be increased from 5.99% to 15.99%.

21. Plaintiff elected to purchase the service contract, the GAP, and the Exterior/Interior Protection rather than pay a higher interest rate, and Plaintiff executed the Contract.

22. The Contract was assigned by Lia Hyundai to Wells Fargo shortly after Plaintiff had executed it.

23. Because Lia Hyundai required Plaintiff to purchase the service contract, the GAP, and the Exterior/Interior Protection as a condition of obtaining financing at 5.99%, the cost of those products was an incident of the extension of credit.

24. The cost of the service contract, the GAP, and Exterior/Interior Protection would not have been imposed on Plaintiff in a cash transaction, because the interest rate would not have been a factor in such a transaction, and Plaintiff would have declined those charges.

25. Consequently, the cost of the service contract, the GAP, and the Exterior/Interior Protection was not excludable from the finance charge in the transaction under TILA.

26. Lia Hyundai violated TILA by including the cost of the service contract, the GAP, and the Exterior/Interior Protection as part of the amount financed rather than including it as part of the finance charge.

27. If Lia Hyundai had properly included the cost of the service contract, the GAP, and the Exterior/Interior Protection as part of the finance charge, then the annual percentage rate would have been approximately 17.76%, and Lia Hyundai further violated TILA by disclosing the annual percentage rate as 5.99%.

28. After he purchased the Vehicle, Plaintiff learned that he was able to cancel the service contract and the GAP and to have the cost of those products applied to the outstanding balance owed under the Contract.

29. On April 2, 2013, Plaintiff sent notice to Lia Hyundai and to Universal Underwriters, the administrator of the service contract, cancelling the service contract.

30. Only $2,700 of the $2,800 cost of the service contract was eventually credited to Plaintiff's contract balance, and Plaintiff was charged interest on the amount refunded up to the date that the account was credited.

31. On April 2, 2013, Plaintiff sent notice to Lia Hyundai canceling the GAP.

32. Although the $795 cost of the GAP was eventually credited to Plaintiff's contract balance, Plaintiff was charged interest on the cost of the GAP up to the date that the account was credited.

33. Plaintiff's contract balance continues to reflect the $895 charge for Exterior/Interior Protection, and Plaintiff has incurred finance charges on that amount.

34. For Lia Hyundai's violations of TILA, Plaintiff is entitled to his damages, plus statutory damages of $2,000, and attorney's fees and costs pursuant to 15 U.S.C. § 1640(a).

35. Lia Hyundai's violations of TILA also amount to a violation of RISFA, which expressly incorporates the requirements of TILA.

36. Lia Hyundai's actions, as aforedescribed, constitute unfair and deceptive acts in violation of CUTPA.

37. As a result of Lia Hyundai's conduct, Plaintiff has incurred damages and has suffered an ascertainable loss, including increased finance charges, the $100 portion of the service contract that was not refunded, the $159 that he was charged for VIN Etch services that were not provided, and the $40 that he was overcharged for registration, plus the time and expense associated with service of cancellation of the

service contract and GAP, including certified mail costs. Additionally, Plaintiff has received little or no value for the Exterior/Interior Protection and did not desire to incur that expense and additional finance charges.

38. For Lia Hyundai's violations of CUTPA, plaintiff is entitled to his damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat § 42a-110g.

39. On May 13, 2013 Plaintiff, through counsel, provided Lia Hyundai and Wells Fargo with written notice of his claims.

40. Wells Fargo has continued to retain the benefits, proceeds, profits or advantages accruing from the underlying RISFA violations notwithstanding its receipt of notice of Plaintiff's claims.

41. Pursuant to Conn. Gen. Stat § 36a-786, Wells Fargo is barred from recovery of any finance, delinquency or collection charge under the contract.

42. Pursuant to the terms of the contract, Wells Fargo is liable to Plaintiff for all claims asserted under the Contract (excluding the TILA claim) up to the amounts paid under the contract, and because Lia Hyundai was provided with written notice of Plaintiff's claims, Wells Fargo's liability is extended to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

Wherefore, Plaintiff claims, actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual and punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order from the Court ordering Lia Hyundai to cease and desist from engaging in unfair and deceptive trade practices; an order directing Wells Fargo to credit all payments made by Plaintiff directly to the loan balance, and such other further relief to which Plaintiff is, at law, or in equity and by statute entitled to against Lia Hyundai and/or Wells Fargo.

                PLAINTIFF JAMES A. KONIKOWSKI

By: /s/ Daniel S. Blinn
    Daniel S. Blinn, ct02188
    Hailey R. Gallant, ct29150
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax. (860) 571-7457
    dblinn@consumerlawgroup.com
    hgallant@consumerlawgroup.com